IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHAN WARREN FISK McCLURE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CASE NO. 2:23-CV-702-RAH-KFP |
| ) | |
| C.O. NOLAND, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   INTRODUCTION**

Plaintiff Nathan McClure, an inmate proceeding pro se and in forma pauperis, is confined at the Montgomery County Detention Facility in Montgomery, Alabama. McClure brings this action for damages and injunctive relief using the Court's standard form for complaints brought under 42 U.S.C. § 1983. Doc. 5. McClure's Amended Complaint names as defendants the Mac Sim Detention Center; Colonel Pritchet; Captain Dill; Sergeants Jones, Smith, Hardy, and Knight; Corporals Johnson, Bailey, Fits, Pruit, and Surrel; and Correctional Officers Noland, Williams, Edwards, Green, and McFarley. *Id*. at 1–2. After review and consideration of McClure's filing, the undersigned RECOMMENDS that McClure's suit against Defendant Mac Sim Detention Center and his claims based on verbal abuse and television access be DISMISSED under 28 U.S.C. § 1915A(b)(1) for the reasons set forth below.

## II.     STANDARD OF REVIEW

Because the Court granted McClure leave to proceed in forma pauperis (*see* Doc. 3), his Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which requires a court to dismiss the complaint or any portion the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks and arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327; *Clark v. State of Ga. Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The Court may also dismiss under 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief may be granted. To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

### III. DISCUSSION

#### A. Mac Sim Detention Center

McClure names as a defendant the Mac Sim Detention Center. The law is settled that a plaintiff must satisfy two elements to state a claim for relief under § 1983:

> First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id*. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. *See Grech v. Clayton Cty.*, 335 F.3d 1326, 1343 (11th Cir. 2003). Consequently, a county jail [ ] [is] not [a] viable defendant[] under Section 1983. *Williams v. Chatham Cty. Sherriff's Complex*, Case No. 4:07-CV-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

*Bell v. Brown*, No. 6:17-CV-12, 2017 WL 3473845, at *5 (S.D. Ga. Aug. 11, 2017), *report and recommendation adopted*, No. 6:17-CV-12, 2017 WL 11613375 (S.D. Ga. Nov. 8, 2017); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("The district court correctly dismissed Dean's claim against the Jefferson County Sheriff's Department. We agree with the magistrate judge's conclusion, which was adopted by the district court, that the Jefferson County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983."); *see Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010) (explaining that, "[g]enerally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority"). McClure pleads that he is detained at the Montgomery County Detention Facility (*see* Doc. 5), which

is also known as the Mac Sim Butler Montgomery County Detention Facility. The county detention facility, by any name, is not a separate legal entity subject to suit. Therefore, the Mac Sim Detention Center is due to be dismissed under 28 U.S.C. § 1915A(b)(1).

### B. Verbal Abuse Claim

On October 9, 2023, McClure, who was housed with four other men in a cell that had a backed-up toilet, asked Corporal Johnson, a second time, for a toilet plunger. Doc. 5 at 4. Corporal Johnson responded by telling McClure "to stop hitting the button you white Bitch with teeth like a crackhead." *Id.* McClures alleges that Corporal Johnson's degrading comments violated his Eighth Amendment rights. *Id.*

As stated above, to state a viable claim for relief under § 1983, a plaintiff must allege that an act or omission deprived him a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale*, 50 F.3d at 1582. Verbal taunts or derogatory comments made by an officer to an inmate, without more, do not rise to the level of a constitutional violation. *See Watkins v. Azael*, No. 22-11648, 2023 WL 4422527, at *7 (11th Cir. July 10, 2023) ("Neither the Supreme Court nor this Court in a published opinion has determined whether a correctional officer's verbal threats to physically harm an inmate alone violate the Eighth Amendment or the Fourteenth Amendment. In dicta, this Court has said that 'verbal taunts.... [h]owever distressing' cannot establish a claim that guards violated the Eighth Amendment.") (quoting *Edwards v. Gilbert*, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989) (alterations in original)); *Hernandez v. Fla. Dep't of Corr.*, 281 Fed. App'x. 862, 866 (11th Cir. 2008) (holding "[inmate's] allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out

these threats and verbal abuse alone is insufficient to state a constitutional claim."); *see also Russell v. Walton Cnty. Sheriff's Dep't*, No. 3:11-CV-5 CAR, 2011 WL 794146, at *3 (M.D. Ga. Mar. 1, 2011) ("Plaintiff's claim that Officer Martz called him names and cursed when he requested a grievance form is not sufficient to state a claim under § 1983. Threats, cursing, name-calling, and verbal abuse, while unprofessional and reprehensible, do not amount to the violation of a federal constitutional right.") (citing *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983) and *Stacey v. Ford*, 554 F. Supp. 8, 9 (N.D. Ga. 1982); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.1999) (explaining that "use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution")); *but see Watkins*, 2023 WL 4422527, at *7 (noting, "at least three other courts have concluded that threats, in at least some situations, may be sufficient to state an Eighth Amendment claim.") (citing *Irving v. Dormire*, 519 F.3d 441, 448–50 (8th Cir. 2008) (involving correctional officer's ongoing threats to kill a prisoner and to have him killed by other prisoners or beaten coupled with the officer's unsuccessful efforts to pay other prisoners to assault him and to arm one of them with a razor blade); *Chandler v. D.C. Dep't of Corr.*, 145 F.3d 1355, 1360–61 (D.C. Cir. 1998) (involving correctional officer's threats to have inmate killed); *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978) (involving correctional officer's threat to pay another officer to shoot an inmate and make it look like an accident accompanied by a gesture toward the officer's holstered gun)).

Thus, while Corporal Johnson's conduct may have been inappropriate and unprofessional, McClure states no deprivation of rights, privileges, or immunities secured by the Constitution as a result of the derogatory comment, and he fails to state a cognizable

claim under § 1983 for the alleged statement to him. Therefore, this claim is due to be dismissed under 28 U.S.C. § 1915A(b)(1).

### C. Television Access Claim

McClure also alleges a violation of his First Amendment right "to the press" based on the absence of a television in his housing unit. Doc. 5 at 4. He requests a television be placed in his housing unit so he can watch world news. *Id.* at 5.

A major purpose of the First Amendment's freedom of the press is to protect the free discussion of governmental affairs and protect the press (media) from unjustified government intrusion. *Mills v. State of Ala.*, 384 U.S. 214, 218–19 (1966) (explaining that the press serves "as a powerful antidote to any abuses of power by governmental officials and as a constitutionally chosen means for keeping officials elected by the people responsible to all the people whom they were selected to serve"). These protections do not include a right to television access in prison, and this right is not found elsewhere in the Constitution.[1] *See Montana v. Commissioners Ct.*, 659 F.2d 19, 23 (5th Cir. 1981) (holding that claims concerning usage of radio and television were properly dismissed as frivolous

---

[1] Similarly, if McClure asserted the claim under the Eighth Amendment. it would still fail to state a claim and require dismissal. To establish an Eighth Amendment violation for conditions of confinement, an inmate must show, among other things, that the alleged violation was sufficiently serious, i.e., that it deprived him of the most minimal level of life's necessities—television access is not a life necessity. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) ("The Constitution, we said, 'does not mandate comfortable prisons,' . . . and only those deprivations denying 'the minimal civilized measure of life's necessities,' . . . are sufficiently grave to form the basis of an Eighth Amendment violation.") (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992) ("[N]ot all prison conditions trigger eighth amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety . . . . So, for example, a prisoner who is denied a pack of playing cards or a television set has not set out a deprivation of constitutional dimensions under the eighth amendment.").

because they do not pertain to federal constitutional rights);[2] *Elliott v. Brooks,* 188 F.3d 518 (10th Cir. 1999) (affirming district court's conclusion that white inmate's allegation of infringement to watch TV based on channel selections favoring the black majority failed to state cognizable claim and observing that "[t]here is no constitutional right to watch television"); *Manley v. Fordice*, 945 F. Supp. 132, 136–37 (D. Miss. 1996), *aff'd*, 132 F.3d 1455 (5th Cir. 1997) (emphasis in original) (finding that "there is simply no right to television while incarcerated. . . . [S]uch items are *luxuries*, and any allowance of them in prisons is merely an altruistic act on the part of the Department of Corrections").

Accordingly, McClure's allegation of a constitutional violation based on the absence of a television in his housing unit fails to state a plausible claim for relief, and it is due to be dismissed under 28 U.S.C. § 1915A(b)(1).

## IV.    CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS as follows:

1.    Plaintiff's claims against the Mac Sim Detention Center be DISMISSED with prejudice before service under 28 U.S.C. § 1915A(b)(1).

2.    The Mac Sim Detention Center be TERMINATED as a party.

3.    Plaintiff's claims regarding verbal abuse and access to television be DISMISSED with prejudice before service under 28 U.S.C. § 1915A(b)(1).

---

[2] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

4. This case be referred back to the undersigned for additional proceedings.

Further, it is ORDERED that by **February 26, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11th Cir. R. 3–1.

DONE this 12th day of February, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE